UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BASES LOADED INVESTING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PETER McDONALD; JOHN AND JANE DOES 1-25, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [5] PLAINTIFF'S MOTION TO REMAND** <br><br> Case No. 2:26-cv-00595-DBB-CMR <br><br> District Judge David Barlow |

Before the court is Plaintiff Bases Loaded Investing, LLC's ("Bases Loaded") Motion to Remand this action back to state court.[1]

## BACKGROUND

This unlawful detainer action was initially filed against Defendant Peter McDonald in Utah state court.[2] In its Amended Complaint, Bases Loaded alleges that "Plaintiffs and Defendants are residents of, or do business in, Utah County, Utah."[3] Plaintiff further alleges that it purchased a certain piece of property in Draper, Utah (the "Property") through a foreclosure sale,[4] that Mr. McDonald was served with notice that he was being evicted from that Property,[5] and that Defendant has not complied with the eviction notice.[6] The Amended Complaint asserts a single cause of action against Mr. McDonald, unlawful detainer.[7] It requests relief in the form of

---

[1] Motion to Remand, ECF No. 5, filed Jun. 28, 2026.
[2] Amended Compl., ECF No. 1-3 at 2–4, filed June 26, 2026.
[3] *Id.* ¶ 1.
[4] *Id.* ¶¶ 4–5.
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 8.
[7] *Id.* ¶¶ 9–14.

1

Mr. McDonald's eviction from the Property, attorney fees, other available statutory damages, and treble damages of $310.68 per day beginning on February 20, 2026.[8]

On April 8, 2026, Mr. McDonald, proceeding pro se, removed the action to federal court on the basis of diversity jurisdiction in *Bases Loaded Investing, LLC. v. McDonald*, 2:26-cv-292 (D. Utah).[9] This court granted Plaintiff's motion to remand in that case, finding that (1) Mr. McDonald failed to show by a preponderance of the evidence that he is not a Utah citizen and that (2) the amount in controversy does not meet the requirements set forth in 28 U.S.C. § 1332(a).[10] Four days after the court's remand order, Defendant again removed the same case to federal court in the present action.[11] He argues that the court did not previously consider requested waste damages that, when trebled, exceed $230,000 and satisfy the amount in controversy requirement.[12] Mr. McDonald also asserts that he intends to submit evidence supporting his claims of Nevada citizenship.[13] Finally, he argues that he has discovered additional deeds involving Bases Loaded that connect Plaintiff's title of the property at issue here to a "broader financing and collateral structure."[14] Plaintiff has filed a motion to remand the action back to state court.[15]

---

[8] *Id.* at 13–14.

[9] *Bases Loaded Investing, LLC v. McDonald* (*Bases Loaded* 1), No. 2:26-CV-00292-DBB-CMR, 2026 WL 1789903, at *1 (D. Utah June 22, 2026)).

[10] *Id.* at *2.

[11] Notice of Removal, ECF No. 1, filed June 26, 2026.

[12] *Id.* at 3.

[13] *Id.* at 11.

[14] *Id.* at 4.

[15] The court recognizes that Plaintiff's Motion to Remand is not yet fully briefed. However, in light of the court's recent ruling on this same issue, the lack of merit in Defendant's arguments, and the likelihood that removal is being used primarily to delay state court proceedings, the court will address the question of its subject-matter jurisdiction without further briefing.

## STANDARD

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[16] Section 1441 allows defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the corresponding district court.[17] However, if at any time following removal "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to state court.[18] "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."[19]

## DISCUSSION

Plaintiff argues that this case should be remanded because (1) an order remanding a case to state court for lack of subject-matter jurisdiction is not reviewable,[20] (2) the notice of removal is untimely,[21] and (3) the notice of removal fails to establish that this court has subject-matter jurisdiction.[22] In the notice of removal, Defendant acknowledges that a remand order based on lack of subject-matter jurisdiction may not be reviewed or reconsidered.[23] Therefore, the court

---

[16] 28 U.S.C. § 1332(a).
[17] 28 U.S.C. § 1441(a).
[18] 28 U.S.C. § 1447(c).
[19] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).
[20] Motion to Remand 4.
[21] *Id.* at 5.
[22] *Id.* at 6.
[23] Notice of Removal 6; *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

cannot reconsider its previous order and will consider Plaintiff's other arguments as they relate to the current action.

## I.    Timeliness

Under 28 U.S.C. § 1446(b)(1), a defendant is required to file any notice of removal within 30 days after receipt of the initial pleading.[24] However, when a case is not removable based on the initial pleading, a defendant may still file a notice of removal within 30 days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[25] Thus, to qualify for removal under § 1446(b)(3), "there must be both an amended pleading or paper and a ground for asserting removability that exists for the first time."[26] The Tenth Circuit has "consistently interpreted the term *other paper* broadly to include state court filings and discovery."[27]

In this case, Mr. McDonald was served with the state summons and complaint on March 13, 2026.[28] His removal on June 26, 2026, around 100 days later, was clearly untimely under § 1446(b)(1). Therefore, he must show a new ground for asserting removability based on an amended pleading or paper in order for his removal to be timely under § 1446(b)(3).[29] Mr. McDonald argues that he has "identified new jurisdictional evidence and additional 'other paper' showing that the amount in controversy exceeds $75,000."[30] He identifies a "newly recorded

---

[24] 28 U.S.C. § 1446(b)(1).
[25] *Id.* at § 1446(b)(3).
[26] *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974).
[27] *Paros Props. LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (emphasis in original).
[28] Motion to Remand 6; Proof of Service, ECF No. 5-1, filed June 28, 2026.
[29] 28 U.S.C. § 1446(b)(3).
[30] Notice of Removal 2.

deed of trust" recorded on April 29, 2026, in which Plaintiff transferred the Property as a trustor to a trustee for the benefit of Uplift Adventures, LLC.[31] Defendant contends that this and other, unidentified "recorded trust deeds in favor of Uplift Ventures, LLC involving Bases Loaded" show that Plaintiff's ownership and possession rights are connected to a "substantial financing/collateral transaction" and are "intertwined with a broader financing and collateral structure."[32]

Under § 1446(c)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."[33] Here, Mr. McDonald has provided no evidence that the state pleadings or record were amended or supplemented in any relevant way since his last attempted removal. His only attempt to identify a new "other paper" is the trust deed. But the Notice of Removal does not connect that deed in any way to the state record or the underlying pleadings. And Defendant's arguments that the deed is relevant to damages because it reveals the Property's place within Plaintiff's broader financial dealings is unpersuasive, especially considering that the Amended Complaint lists only a single cause of action and requests limited damages.[34]

Defendant's removal in this case is based on the same state court pleadings and record as his previous attempt at removal. His new arguments are based on independently discovered "evidence" that bears little to no relation to the underlying unlawful detainer claim. Thus, he has

---

[31] *Id.* at 4; Deed of Trust, ECF No. 1-1, filed June 26, 2026.
[32] Notice of Removal 4.
[33] 28 U.S.C. § 1446(c)(3)(A).
[34] Amended Compl. 3–4.

not shown any amended pleading or paper that provides new grounds for removal, so removal under § 1446(b)(3) is unavailable, and removal under § 1446(b)(1) is untimely.[35]

## II.   Diversity Jurisdiction

Even if some amendment or new state court filing made Defendant's removal timely under § 1446(b)(3), the Notice of Removal still does not prove by a preponderance of the evidence that this court has subject-matter jurisdiction over the matter.

### A.   Diversity of Citizenship

For a federal court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and defendants.[36] "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."[37] "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[38] The court previously determined that Mr. McDonald's bare assertions that he is domiciled in Nevada were insufficient to establish his Nevada citizenship by a preponderance of the evidence, "especially in light of considerable evidence that he resides in Utah and may be domiciled there."[39] Defendant repeats the same assertions in his Notice of Removal, but still provides no evidence to support them.[40] Instead, he states that he will later file relevant evidence under seal.[41] No such evidence was filed with the Notice of Remand, so the court is again unable to determine that Mr. McDonald is domiciled in Nevada.

---

[35] 28 U.S.C. § 1446(b).
[36] 28 U.S.C. § 1332(a).
[37] *Middleton*, 749 F.3d at 1200.
[38] *Id.*
[39] *Bases Loaded* 1, No. 2:26-CV-00292-DBB-CMR, 2026 WL 1789903, at *2 (D. Utah June 22, 2026).
[40] Notice of Removal 11.
[41] *Id.*

### B. Amount in Controversy

The court also previously determined based on the same Amended Complaint and state court pleadings that the amount in controversy on the face of the complaint does not meet the $75,000 minimum threshold.[42] Specifically, the court rejected the argument that the value of the property determines the amount in controversy and held that the eviction request and treble damages rent calculations fell below the jurisdictional minimum.[43] Defendant now argues that the deed of trust shows the value of possession and that waste damages satisfy the minimum requirement.[44]

Generally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[45] When a plaintiff contests the defendant's allegation, evidence establishing the amount is required.[46] As the court found in its prior order, the Amended Complaint states only a single cause of action for unlawful detainer and seeks eviction and rent damages totaling approximately $15,000.[47] Mr. McDonald's present argument that the deed demonstrates Plaintiff's broader financing and collateral ventures does not change the fact that the Amended Complaint only seeks eviction and treble damages based on daily rent.[48] Defendant's speculation that the detainer action could impact collateral, lender disclosures, financing value, and secured obligations related to Plaintiff's broader ventures does not affect the amount in controversy.

---

[42] *Bases Loaded* 1, 2026 WL 1789903, at *2.
[43] *Id.*
[44] Notice of Removal 8, 12–17.
[45] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).
[46] *Id.*
[47] Amended Compl. 3–4; *Bases Loaded* 1, 2026 WL 1789903, at *2.
[48] Amended Compl. 3–4.

Mr. McDonald also argues that Plaintiff seeks waste damages of $77,250 that, when trebled, equal $231,750.[49] Defendant calculates these damages using his own "reasonable line-item estimate" of what Plaintiff "seeks or may seek."[50] But these damages cannot factor into the amount in controversy because they are unsupported by any evidence and seem to arise solely from Defendant's own speculation and estimates. The Amended Complaint references statutory waste and physical damages in its unlawful detainer claim,[51] but it gives no basis for determining what waste or physical damages are actually sought or what their value may be. Mr. McDonald's personal calculations of what hypothetical damages for waste might be valued at do not constitute evidence sufficient to overcome the actual damages pled in the Amended Complaint. Thus, even if the Notice of Removal was timely based on an amended pleading or paper, it still fails to show by a preponderance of the evidence that this court can exercise diversity jurisdiction over the action.

## III.   Attorney Fees

Plaintiff requests attorney fees incurred as a result of Defendant's removal.[52] Because Defendant has not yet had an opportunity to respond to the request for fees, the court will not address it at this time. Plaintiff may file a separate motion for attorney fees if it so chooses.

---

[49] Notice of Removal 17.
[50] *Id.* at 16.
[51] Amended Compl. ¶ 11.
[52] Motion to Remand 9.

8

## ORDER

Plaintiff's [8] Motion to Remand is GRANTED. The action is remanded to the Fourth Judicial District Court for the State of Utah.

Signed June 30, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

9